UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| GOLDEN STAR WHOLESALE, INC.<br><br>    Plaintiff,<br><br>v.<br><br>ZB IMPORTING, INC. and RANI REFRESHMENTS FZCO.,<br><br>    Defendant. | Case No. 19-10958<br>Honorable Laurie J. Michelson |

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS [14]**

Float juice is a soft drink consisting of slightly carbonated fruit juice with floating pieces of fruit. Golden Star makes and sells a brand of float juice called Alreef. Rani Refreshments makes, and ZB Importing distributes, a competing brand called Rani. Rani and ZB believe cans of Alreef look too much like cans of Rani. So they threatened Golden Star with potential copyright and trademark infringement claims. In response, Golden Star initiated this declaratory judgment action. Golden Star is diligently attempting to serve Defendant Rani, a Dubai company that is not subject to the Hague convention. But because this has not yet been completed, ZB contends the case should be dismissed for failure to join an indispensable party. For the reasons stated below, ZB's meritless motion is denied.

**I.**

Float juice is a type of soft drink popular in Middle Eastern countries. Float juice gets its name from chunks of fruit that float in the carbonated, fruity beverage. Golden Star Wholesale makes and sells a brand of float juice called Alreef. Rani Refreshments makes a competing float juice called Rani; ZB Importing imports and distributes Rani here in the United States.

Rani and Alreef float juice cans look like this:





(*See* ECF No. 1, PageID.8.)

According to Golden Star's complaint, a lawyer for ZB sent Golden Star two letters, each indicating that ZB and Rani were contemplating legal action. (*See* ECF No. 1-1, 1-2.) The first letter says Rani owns the copyright and trade dress in the Rani can. (ECF No. 1, PageID.18.) Then

2

it says the Alreef cans infringe on Rani's copyright and trade dress. (*Id*.) And the letter says the Alreef cans so closely imitate the Rani cans that consumer confusion is likely to result. (*Id.* at PageID.19.) So the letter threatened potential Lanham Act and copyright litigation if Golden Star did not cease sales using its present can. (*Id.* at PageID.19-20.) The second letter says Golden Star's Alreef can imitates the Rani can such that it interferes with ZB's right to distribute Rani beverages in the United States. (*Id.* at PageID.23.)

After receiving the letters, Golden Star filed this lawsuit. Golden Star seeks a declaration that neither ZB nor Rani own trade dress or copyright interests in the Rani can. (ECF No. 1, PageID.16.) And even if ZB and Rani do own trade dress and copyright interests, Golden Star seeks a declaration that its Alreef can does not infringe on those rights. (*Id.*)

Despite the fact that Rani is a named party in the process of being served, ZB says the entire case should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(7) because Golden Star has failed to join Rani. (ECF No. 14, PageID.79.) Alternatively, ZB says Golden Star has no viable declaratory judgment claim against ZB. (*Id.* at PageID.84–85.) Neither claim has merit.

## II.

"[T]he resolution of the question of joinder under Rule 19, and thus of dismissal for failure to join an indispensable party under Rule 12(b)(7), involves a three-step process." *Keweenaw Bay Indian Cmty. v. Michigan*, 11 F.3d 1341, 1345 (6th Cir. 1993). "First, the [C]ourt must determine whether the person or entity is a necessary party under Rule 19(a)." *Glancy v. Taubman Ctrs., Inc.*, 373 F.3d 656, 666 (6th Cir. 2004). "Second, if the person or entity is a necessary party, the [C]ourt must then decide if joinder of that person or entity will deprive the court of subject matter jurisdiction." *Id*. "Third, if joinder is not feasible because it will eliminate the [C]ourt's ability to

hear the case, the [C]ourt must analyze the Rule 19(b) factors to determine whether the [C]ourt should in equity and good conscience dismiss the case because the absentee is indispensable." *Id.* (internal quotations omitted). However, Rule 19 "is not to be applied in a rigid manner but should instead be governed by the practicalities of the individual case." *Local 670 v. International Union, United Rubber, Cork, Linoleum & Plastic Workers*, 822 F.2d 613, 618 (6th Cir. 1987). "Simply because some forms of relief might not be available due to the absence of certain parties, the entire suit should not be dismissed if meaningful relief can still be accorded." *Keweenaw Bay Indian Cmty.*, 11 F.3d at 1346.

ZB says Rani Refreshments, as owner of the trade dress and copyright at issue in this lawsuit, is an indispensable party as defined by Rule 19. (ECF No. 14, PageID.79–83.) But because Golden Star has yet to serve Rani, ZB thinks Rani is not yet a part of this lawsuit. (*Id.*) So, says ZB, Golden Star has failed to join an indispensable party and this suit should be dismissed. (*Id.*)

ZB's argument jumps the gun. For one, Golden Star's complaint names Rani (*See* ECF No. 1, PageID.1) and Golden Star is diligently attempting to serve Rani (ECF No. 11, PageID.55; ECF No. 16, PageID.100–102). But Rani is a Dubai company, Dubai is in the United Arab Emirates, and the Emirates are not a party to the Hague Convention. (ECF No. 16, PageID.99–100.) So service on Rani will take more time than normal, a practical reality recognized by the Federal Rules of Civil Procedure. *See e.g.* Fed. R. Civ. P. 4(m); *see also Frederick v. Hydro-Aluminum S.A.*, 153 F.R.D. 120, 126 (E.D. Mich. 1994). But Golden Star appears to be making progress in its service efforts. (*See* ECF No. 16, PageID.99–102.)[1] So at this point, ZB's Rule 12(b)(7) motion is, at best, premature, *see WM Int'l, Inc. v. 99 Ranch Mkt. #601*, 329 F.R.D. 491, 498 (E.D.N.Y.

---

[1] The Court sees that the same law firm representing ZB in this litigation sent the cease and desist letter on behalf of Rani. If they intend to also represent Rani in this litigation, the case could be expedited upon their agreement to accept service.

4

2019), and, at worst, borderline frivolous. In none of the cases cited by ZB in which the courts required joinder was the intellectual property owner already a named party (or still in the case). *See Jaguar Cars, Ltd. v. Manufactures Des Montres Jaguar, S.A.*, 196 F.R.D. 306 (E.D. Mich. 2000) (finding a party dismissed for lack of personal jurisdiction necessary as to some claims, but not others, and so ordering only a partial dismissal); *JTG of Nashville, Inc. v. Rhythm Band, Inc.*, 693 F. Supp. 623, 627–68 (M.D. Tenn. 1988) (finding unnamed owner of intellectual property a necessary party, but ordering joinder rather than dismissal); *see also* Keweenaw, 11 F.3d at 1343–46 (affirming district court's decision that unnamed parties were necessary). Finally, if Rani is served, there is obviously no need to "join" them under Rule 19. And if Rani is not served, then a Rule 19 analysis may be proper (if Rule 19 applies at all). *See* Fed. R. Civ. P. 19(a) ("A person who is subject to service of process . . . ."). Thus, the Court denies ZB's Rule 12(b)(7) motion without prejudice to refiling if future circumstances warrant it.

## III.

ZB also thinks Gold Star's complaint fails to state a claim upon which relief may be granted.

In deciding a motion to dismiss under Rule 12(b)(6), the Court "construes the complaint in the light most favorable to the plaintiff, accepts the plaintiff's factual allegations as true, and determines whether the complaint 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 403 (6th Cir. 2012) (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A facially plausible claim to relief means "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). The

plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully" but is not akin to a probability requirement. *Id.* Finally, "[t]he plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

ZB says it is just a distributor that has never asserted it owns any of the intellectual property rights at issue and so there is no threat to Golden Star that it will incur copyright or trade dress infringement liability to ZB. In ZB's view, it has no trade dress or copyright to defend and thus Golden Star cannot seek a declaration against it. (*Id.*)

But, at least at this point, Golden Star states a plausible claim. For one, Golden Star seeks a declaration that ZB has no trade dress or copyright to defend. (*See* ECF No. 1, PageID.15.) So hopefully ZB and Golden Star can work out a resolution. Moreover, Golden Star only ever got that idea that ZB had any copyright or trade dress in the Rani can based on letters ZB sent to Golden Star. In the letters, ZB claims Golden Star's Alreef can violates the Lanham Act and the Copyright Act. As argued by Plaintiff, a fair reading of both letters is that ZB claims Golden Star interferes with its distribution rights because Golden Star sells a product that infringes on Rani's copyright and trade dress—i.e., that "Alreef beverage products . . . imitate the RANI cans," allegedly causing confusion in violation of the Lanham Act and copyright law. (ECF No. 1-1, PageID.23). So Golden Star plausibly seeks a declaration that ZB has no trade dress or copyright interests to enforce and, if it does, that Golden Star's design does not infringe those rights.

Accordingly, ZB's motion to dismiss is denied. It is further ordered that the scheduling conference is adjourned without date pending service on Rani. The Court will convene a status conference in 90 days if no appearance for Rani is filed prior to that time.

SO ORDERED.

                                                s/Laurie J. Michelson
                                                LAURIE J. MICHELSON
                                                UNITED STATES DISTRICT JUDGE

Date: August 26, 2019

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on August 26, 2019.

                                                s/William Barkholz
                                                Case Manager to
                                                Honorable Laurie J. Michelson